| | |
|---|---|
| DERWOOD STEWART d/b/a )<br>STEWART'S NURSERY AND FARM )<br>)<br>    Plaintiff, )<br>)<br>VS. )<br>)<br>FEDERAL CROP INSURANCE )<br>CORPORATION; RISK MANAGEMENT )<br>AGENCY; UNITED STATES )<br>DEPARTMENT OF AGRICULTURE; )<br>AND RURAL COMMUNITY )<br>INSURANCE SERVICES, )<br>)<br>    Defendants ) | CIVIL ACTION NO. 4:10-cv-31<br>JURY TRIAL DEMANDED<br>Mattice / Carter |

Serve: Federal Crop Insurance Corporation
       Serve By and Through Attorney General of the United States
       Hon. Eric H. Holder, Jr.
       United States Department of Justice
       950 Pennyslvania Ave., N.W.
       Washington, D.C. 20530-0001

       Federal Crop Insurance Corporation
       Serve By and Through United States Attorney - Eastern District of Tennessee
       Hon. James R. Dedrick
       800 Market Street
       Knoxville, Tennessee 37902

       Federal Crop Insurance Corporation
       Serve By and Through United States Secretary of Agriculture
       Sec. Tom Vilsack
       United States Department of Agriculture
       1400 Independence Avenue, S.W.
       Washington, D.C. 20250-0801

Risk Management Agency
Serve By and Through Attorney General of the United States
Hon. Eric H. Holder, Jr.
United States Department of Justice
950 Pennyslvania Ave., N.W.
Washington, D.C. 20530-0001

Risk Management Agency
Serve By and Through United States Attorney - Eastern District of Tennessee
Hon. James R. Dedrick
800 Market Street
Knoxville, Tennessee 37902

Risk Management Agency
Serve By and Through United States Secretary of Agriculture
Sec. Tom Vilsack
United States Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250-0801

United States Department of Agriculture
Serve By and Through Attorney General of the United States
Hon. Eric H. Holder, Jr.
United States Department of Justice
950 Pennyslvania Ave., N.W.
Washington, D.C. 20530-0001

United States Department of Agriculture
Serve By and Through United States Attorney - Eastern District of Tennessee
Hon. James R. Dedrick
800 Market Street
Knoxville, Tennessee 37902

United States Department of Agriculture
Serve By and Through United States Secretary of Agriculture
Sec. Tom Vilsack
United States Department of Agriculture
1400 Independence Avenue, S.W.
Washington, D.C. 20250-0801

Rural Community Insurance Services
c/o Corporation Service Company
2908 Poston Avenue
Nashville, TN 37203
To be served by and through the
Department of Commerce and Insurance in Tennessee
500 James Robertson Pkwy., 5th Floor
Nashville, TN 37243

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

Comes now the Plaintiff, Derwood Stewart d/b/a Stewart's Nursery and Farm, by and through his counsel of record, and for his Complaint and causes of action herein against the Defendants, Federal Crop Insurance Corporation, Risk Management Agency, United States Department of Agriculture and Rural Community Insurance Services, states as follows:

1. Plaintiff, Derwood Stewart, hereinafter referred to as "Stewart", is an individual resident of McMinnville, Warren County, Tennessee, with a residential address of 179 Stewarts Lane, McMinnville, TN 37110 and Plaintiff, Derwood Stewart, is the owner and operator of a farming and nursery business known as Stewart's Nursery and Farm, hereinafter referred to as "Nursery", which is located at 8363 West Green Hill Rd., Smithville, TN 37166.

2. Defendant Federal Crop Insurance Corporation, hereinafter referred to as "FCIC" is an agency of the United States within the Department of Agriculture and service regarding and upon the FCIC should be made by and through the Attorney General of the United States, Hon. Eric H. Holder, Jr., at the United States Department of Justice, 950 Pennsylvania Ave., N.W., Washington, D.C. 20530-001, by and through the United States Attorney for the Eastern District of Tennessee, Hon. James R. Dedrick, at the Office of the United States Attorney located at 800 Market Street, Knoxville, TN 37902 and by and through the United States Secretary of Agriculture, Sec. Tom Vilsack, at the United States Department of Agriculture, 1400 Independence Avenue, S.W., Washington, D.C. 20250-0801.

3. Defendant, Risk Management Agency, hereinafter referred to as " RMA", is an agency of the United States within the Department of Agriculture and service regarding and upon the RMA

3

should be made by and through the Attorney General of the United States, Hon. Eric H. Holder, Jr., at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001, by and through the United States Attorney for the Eastern District of Tennessee, Hon. James R. Dedrick, at the Office of the United States Attorney located at 800 Market Street, Knoxville, Tennessee 37902 and by and through the United States Secretary of Agriculture, Sec. Tom Vilsack, at the United States Department of Agriculture, 1400 Independence Avenue, S.W., Washington, D.C. 20250-0801.

4. Defendant, United States Department of Agriculture, hereinafter referred to as "USDA", is a Department of the United States and service regarding and upon the USDA should be made by and through the Attorney General of the United States, Hon. Eric H. Holder, Jr., at the United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001, by and through the United States Attorney for the Eastern District of Tennessee, Hon. James R. Dedrick, at the Office of the United States Attorney located at 800 Market Street, Knoxville, TN 37902 and by and through the United States Secretary of Agriculture, Sec. Tom Vilsack, at the United States Department of Agriculture, 1400 Independence Avenue, S.W., Washington, D.C. 20250-0801.

5. Defendant, Rural Community Insurance Services, is a crop insurance company with its principal place of business located at 3501 Thurston Avenue, Anoka, Minnesota 55303, with service of process to be issued by the Tennessee Department of Commerce and Insurance located at 500 James Robertson Pkwy., 5th Floor, Nashville, Tennessee 37243.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the Plaintiff asserts claims arising under the laws of the United States, pursuant to 28 U.S.C. § 1332 with

4

regard to Defendant, Rural Community Insurance Services as there is diversity of citizenship between the Plaintiff and such Defendant and as the amount in controversy exceeds the minimum jurisdictional requirements of this Court, pursuant to 28 U.S.C. § 1346 with regard to Defendants FCIC, RMA and USDA as such Defendants are agencies and/or departments of the United States and pursuant to the Federal Crop Insurance Act, 7 U.S.C. § 1501, et seq., and this Court has supplemental jurisdiction over the State law claims against Defendant Rural Community Insurance Services pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district and before this Court pursuant to 28 U.S.C. § 1391(a)(2), (b)(2) and (e)(2) because the events giving rise to the claims herein occurred within this judicial district, pursuant to 28 U.S.C. § 1402 (a)(1) because the Plaintiff resides in this judicial district and pursuant to 7 U.S.C. §1508, Chapter 36(j)(2)(A) due to the fact the insured farm is located within this judicial district.

8. Defendant, Rural Community Insurance Services, hereinafter "RCIS", in conjunction with the FCIC and the RMA, pursuant to a Standard Reinsurance Agreement, sold and issued a policy of insurance to Nursery, by and through its authorized agent for such purpose, Plaintiff, Stewart, for the benefit of Nursery, for the 2007 crop year, which such policy provided insurance coverage for the crops, products and farm and nursery materials and inventory of Stewart's Nursery and Farm upon the property located at 8363 West Green Hill Rd., Smithville, Tennessee, in Warren County, Tennessee. Plaintiff, Derwood Stewart d/b/a Stewart's Nursery and Farm duly paid for said policy.

9. On or about April 7 through April 9, 2007 a freeze damaged the farm and nursery crops and inventory of Plaintiff, Derwood Stewart d/b/a Stewart's Nursery and Farm and an

5

insurance claim was made and filed by Stewart for and on behalf of Nursery upon the policy of insurance provided by Defendant, RCIS, in conjunction with Defendants FCIC and RMA, in order to recover and collect the damages suffered as a result of the freeze damage pursuant to such contract of insurance.

10. Such insurance policy from Defendant RCIS, in conjunction with Defendants FCIC and RMA, provided coverage for the damages incurred as a result of such freeze which occurred on or about April 7-9, 2007, which such damages exceed the minimum jurisdictional limits of this Court.

11. Plaintiff, Derwood Stewart d/b/a Stewart's Nursery and Farm, properly made a claim for such damages upon the policy issued by Defendant, RCIS, in conjunction with Defendants, FCIC and RMA, and all of such Defendants, RCIS, FCIC and RMA, are jointly and severally liable for such damages to Plaintiff Derwood Stewart d/b/a Stewart's Nursery and Farm pursuant to such Defendants' contract of insurance. At all material times, Plaintiff, Derwood Stewart d/b/a Stewart's Nursery and Farm, maintained good farming practices.

12. The Defendants, RCIS, FCIC and RMA, breached their contractual obligations to the Plaintiff by failing to properly pay the insurance claim made against such policy issued by Defendant, RCIS, in conjunction with Defendants, FCIC and RMA, each of such Defendants are jointly and severally liable for the damages suffered by the Plaintiff as a result of such freeze which occurred on or about April 7-9, 2007.

13. By issuing such policy of insurance covering Plaintiff, Derwood Stewart d/b/a Stewart's Nursery and Farm and the farming and nursery enterprises, products, inventory and materials of Plaintiff, Derwood Stewart d/b/a Stewart's Nursery and Farm in Warren County,

6

Case 4:10-cv-00031-SKL Document 1 Filed 05/19/10 Page 6 of 9 PageID #: 6

Tennessee the Defendants, RCIS, FCIC and RMA, were doing an insurance or fidelity bonding business in the State of Tennessee and because all of such Defendants failed and refused to pay the loss suffered by the Plaintiffs as a result of the freeze which occurred on or about April 7-9, 2007 within sixty (60) days after demand was properly made upon such policy, each of such Defendants, RCIS, FCIC and RMA, has committed bad faith insurance settlement practices and bad faith refusal to pay pursuant to Tennessee Code, Section 56-7-105 and other applicable Tennessee Code provisions pertaining to insurance claim settlement practices and bad faith, and such Defendants are, therefore, liable to the Plaintiff for an additional sum beyond the amount of the claim owed upon the policy, in the amount of an additional twenty-five percent (25%) of the liability for such loss, due to the fact that such denial and refusal to pay was not in good faith and such refusal to pay inflicted additional expense, loss and injury, including attorneys fees, upon the Plaintiff.

14. Pursuant to Chapter 36 of the Federal Crop Insurance Act, as amended, and as codified at Part 457 of Title 7 of the Code of Federal Regulations, the insurance policy involved in this action and provided by Defendant, RCIS, in conjunction with Defendants FCIC and RMA, is reinsured by Defendant, FCIC.

15. Defendant RMA joined with Defendant, RCIS, in completing the loss adjustment upon the Plaintiff's insurance claim after Defendant RCIS indicated to Defendant RMA that the loss might exceed $500,000.00.

16. Following adjustment of the claim, Defendant RMA wrongfully denied the loss claim for damages and wrongfully declared the applicable insurance application null and void.

17. The Plaintiff filed an appeal of such denial of the claim by RMA with the National Appeals Division of Defendant USDA pursuant to the terms of the policy involved and exhausted all administrative remedies.

18. Pursuant to Section 20(e) of the applicable insurance policy and the Federal Crop Insurance Act, 7 U.S.C. 1501, et seq., the Plaintiff is now entitled to bring suit against the Defendants, RCIS, FCIC, RMA and USDA requesting a judicial determination regarding the validity of all of Plaintiff's claims for damages and determining the amount of damages to which the Plaintiff is entitled from the Defendants.

19. Pursuant to Section 21(i) and other applicable provisions of the Federal Crop Insurance Act, 7 U.S.C. 1501, et seq., the Plaintiff is entitled to recover his attorneys fees and other expenses incurred and is entitled to recover punitive damages due to the fact that the Defendants, RCIS, FCIC, RMA and USDA failed to comply with the terms of the applicable insurance policy and the applicable procedures to which such policy and the adjustment of claims under the policy are subject to and due to the wrongful and bad faith denial of the Plaintiff's claim for damages, in addition to the compensatory damages suffered by the Plaintiff as a result of the freeze which occurred on or about April 7-9, 2007, all of which such damages, including the punitive damages, total an amount to be shown at trial but not to exceed Six Million Dollars ($6,000,000.00).

WHEREFORE, the Plaintiff, Derwood Stewart d/b/a Stewart's Nursery and Farm demands as follows:

1. That a judgment be entered herein in favor of the Plaintiff against the Defendants jointly and severally, for the damages suffered by the Plaintiff as a result of the freeze which

8

occurred on or about April 7-9, 2007, and Defendants' subsequent refusal to pay Plaintiff pursuant to the terms of the policy.

2. For a judgment in favor of the Plaintiff against the Defendants, jointly and severally, for the attorneys fees and costs incurred by the Plaintiff as a result of the actions of the Defendants complained of herein;

3. For a judgment in favor of the Plaintiff against the Defendants, jointly and severally, awarding punitive damages to the Plaintiff; and

4. Any and all other relief to which the Plaintiff may appear entitled and which this Court may deem just and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all fact issues on this case.

Respectfully submitted by:

GALLIGAN & NEWMAN
309 West Main St.
McMinnville, TN 37110
(931) 473-8405

By: _____
Michael D. Galligan, # 3181

By: _____
John P. Partin, #20921

By: _____
Susan N. Marttala, #12196

We are sureties for all cost of
this cause awarded against the
principal.

By: _____
Michael D. Galligan

9